IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carolyn York, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  13 C 6037 |
| Northstar Location Services, LLC, a New York limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Carolyn York, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Carolyn York ("York"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Discover Bank account, despite the fact that she was represented by the

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Northstar Location Services, LLC ("Northstar"), is an New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Northstar operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Northstar was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Northstar is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Northstar conducts business in Illinois.

6. Moreover, Defendant Northstar is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Northstar acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. York is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a Discover credit card. When Northstar began trying to collect this debt from Ms. York, by sending her a collection letter dated July 5, 2013, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and

2

Defendant Northstar's collection actions. A copy of Northstar's July 5, 2013 letter is attached as Exhibit C.

8. Accordingly, on July 9, 2013, one of Ms. York's attorneys at LASPD informed Northstar, in writing, that Ms. York was represented by counsel, and directed Northstar to cease contacting her, and to cease all further collection activities because Ms. York was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Northstar called Ms. York including, but not limited to, a telephone call on July 15, 2013, from telephone number 888-795-2438, to demand payment of the Discover Bank debt.

10. Thus, on July 17, 2013, one of Ms. York's LASPD attorneys had to write to Defendant Northstar again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant Northstar's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Northstar's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. York's, agent/attorney, LASPD, told Defendant Northstar to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendant Northstar violated § 1692c(c) of the FDCPA.

16. Defendant Northstar's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Northstar knew that Ms. York was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Northstar to cease directly communicating with her. By directly calling Ms. York, despite

being advised that she was represented by counsel, Defendant Northstar violated § 1692c(a)(2) of the FDCPA.

20. Defendant Northstar's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carolyn York, prays that this Court:

1. Find that Defendant Northstar's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff York, and against Defendant Northstar, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carolyn York, demands trial by jury.

                                                Carolyn York,
                                                By: /s/ David J. Philipps___
                                                One of Plaintiff's Attorneys

Dated: August 26, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com